OPINION
Defendant-appellant, Kimberly Kendall, appeals from a judgment of the Franklin County Court of Common Pleas finding her guilty of rape in violation of R.C. 2907.02 and felonious sexual penetration in violation of R.C. 2907.12
According to state's evidence, on October 28, 1999, defendant's daughter, Amber Mansperger, was hit by a truck, requiring Amber be taken to a hospital. While she was at the hospital, Amber revealed to a nurse she had been molested.
As the evidence revealed, during the summer of 1994, Amber lived with defendant, defendant's boyfriend, Richard Rowland, her sister, Pamela, her brother, Roger, and her sister, Krista. Rowland began molesting Amber when she was eight years of age; defendant began to participate sometime later. Amber testified that at approximately 9:30 one morning, defendant came into her room and said, "let's go into the bedroom and make Dick put Dick into a good mood." (Tr. 48.) Amber followed her mother into the bedroom, not knowing what was to ensue. Rowland was lying asleep on the bed. Defendant shut and locked the door, and pulled the sheet off Rowland who was naked. Defendant started to perform oral sex on Rowland, telling Amber to watch. Amber tried to leave the room, but was not tall enough to reach the lock on the door. Defendant then told Amber to do what she just did. Amber performed oral sex on Rowland, and then "made [herself] get sick." (Tr. 52.) Defendant opened the door and let Amber go back to her bedroom.
On another occasion, while Amber lay in her bed, defendant asked her to watch a movie in defendant's room. Amber complied. After watching the movie for approximately one-half hour, defendant pulled out a magazine that showed pictures of people having sex. Defendant asked Amber to look at the magazine so Amber "would know how to do it when [she] got older." (Tr. 60.) Amber refused. Defendant next put a rubber penis in her mouth and told Amber to watch. Defendant then obtained an egg-shaped metal object with a string and a box attached. When Amber got up to go to the bathroom, defendant pulled down Amber's pants, inserted the object into Amber's vagina, and turned on the control box. Amber testified that it hurt and made her bleed. She removed the object and threw it against a mirror.
Krista, defendant's oldest daughter, testified that in July 1997, "my mom came and asked me to lose my virginity to Dick and she wanted me to have a baby with him because she could not have any kids and she wanted to have a baby to raise." (Tr. 131.) Krista refused. Defendant did not press the issue.
Toward the end of July 1997, Rowland called Krista into the bedroom; Krista stated that this was not unusual. Rowland also called defendant into the bedroom. Defendant came in, shut the door, locked it, and stood in front of the door. Rowland told Krista "[she] was going to have sex with him whether [she] liked it or not." (Tr. 132-133.) Krista said no, and looked to defendant who said, "better do what he says." Although others were in the house at the time, she did not yell for help because she was afraid, Rowland having told her if she yelled or tried to fight him he would kill her. Rowland then forced Krista onto the bed. Defendant held Krista's arms down while Rowland raped Krista.
Krista testified that on another occasion defendant came into her room and told her "to go deal with your father." (Tr. 137.) Krista understood the statement to mean she should have sex with Rowland. Krista went into the room and was ordered to remove her clothes. Rowland told her to lay on the bed. Defendant came over, laid on the bed beside Krista and fondled Krista's breasts and vagina. Krista was crying and telling defendant to stop. Rowland told Krista to touch defendant like she was touching Krista. Krista refused. Rowland became angry, told defendant to leave the room, and said, "I'll deal with the little bitch myself." (Tr. 139.) He then raped Krista. Krista testified Rowland raped her two to three times a week. Although defendant did not participate, she would often retrieve Krista to have sex with Rowland.
Testimony indicated Rowland was a violent man who physically abused defendant. Both Amber and Krista were afraid to tell anyone about the incidents because Rowland threatened he would kill them if they did. Rowland had guns in the house, and he carried a knife with him.
Those acts gave rise first to a multi-count indictment against defendant, and then to a second, single count indictment. The indictments were tried together by court order. Following a jury trial in which the jury found defendant guilty of rape and felonious sexual penetration, the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED WHEN IT SUSTAINED THE APPELLEE'S MOTION OF JOINDER OF A NEW INDICTMENT, THE VERY DAY OF TRIAL, WITH A PENDING INDICTMENT, OVER APPELLANT'S OBJECTION.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS COUNT 1, CASE NO. 00 CR 3238, BASED ON THE STATUTE OF LIMITATIONS.
 III. THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S OBJECTION TO SUBMISSION OF STATE'S EXHIBIT 1, DOCUMENTS CONCERNING HOTEL RECEIPTS.
 IV. THE TRIAL COURT ERRED WHEN IT ALLOWED TESTIMONY CONCERNING STATEMENTS PURPORTED TO BE MADE BY THE APPELLANT WHICH WERE NOT PROVIDED TO COUNSEL FOR APPELLANT PRIOR TO TRIAL.
 V. THE VERDICT IS INSUFFICIENT, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO RULE 29 AT SEVERAL STAGES OF THE TRIAL SHOULD HAVE BEEN SUSTAINED.
Defendant's first assignment of error contends the trial court erred when, on the day of the trial, it determined the second indictment against defendant would be tried with the first.
Defendant was originally indicted in a multiple count indictment, count five of which alleged rape. After discussions between the prosecution and defense counsel, count five of the indictment was dismissed. The conduct underlying the dismissed rape count was presented to the grand jury and resulted in a second indictment charging defendant with one count of felonious sexual penetration. On the day of trial, the new indictment was joined with the prior indictment for trial. Although defense counsel acknowledged he and his client were aware of the change prior to trial, the trial court offered defendant a twenty-four hour continuance. Defendant refused the continuance, but now asserts she was prejudiced by such a late joinder; she contends she should have been given additional time for preparation.
Pursuant to Crim.R. 13, the "court may order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *. The procedure shall be the same as if the prosecution were under such single indictment * * *." Crim.R. 8(A), in turn, provides that "[t]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged * * * are of the same or similar character * * *." "Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses." State v. Schaim (1992),65 Ohio St.3d 51, 58; State v. Massey (Nov. 28, 2000), Franklin App. No. 99AP-1355, unreported. The offenses at issue here are of similar character and were properly tried together.
Indeed, defendant challenges the timing of the court's decision to try the two indictments together rather than the joinder itself. Defendant was not prejudiced because the substance of the indictment did not change. Defendant was charged with the same criminal conduct under the offense of felonious sexual penetration as she had been under the dismissed rape count. Defendant thus was aware of the criminal conduct underlying the charge, knew it had led to the indictment, and had the opportunity to prepare a defense to it regardless of the name ascribed to the conduct. Even if such a joinder might suggest additional time for trial preparation, defendant was offered additional time on the day of trial. Defendant not only did not indicate additional time was needed, but rather refused the continuance. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts the trial court erred in failing to dismiss the felonious sexual penetration charge as barred by the six-year statute of limitations. See R.C. 2901.13 (providing a felony must be prosecuted within six years of commission of the offense). The offense was indicted as occurring sometime between June 9, 1994 to June 9, 1995. The indictment was filed May 30, 2000. The state bears the burden of proving the offense was committed within the appropriate statute of limitations. State v. Climaco, Climaco, Seminatore, Lefkowitz Garofoli Co., L.P.A. (1999), 85 Ohio St.3d 582, 587. Defendant contends the state failed in its burden of proof.
The felonious sexual penetration count arose out of Amber's allegation that defendant inserted an object into her vagina. Amber testified she believed she was nine years old when the offense occurred; she was nine between June 9, 1994 and June 9, 1995. The indictment was filed May 30, 2000. Because the offense occurred between those two dates, it was within the six- year statute of limitations. Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts the trial court erred in admitting, over defendant's objection, evidence concerning hotel receipts. The trial court has broad discretion in the admission and exclusion of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should be slow to interfere. State v. Hymore (1967),9 Ohio St.2d 122, 128; State v. Chavis (Dec. 26, 1996), Franklin App. No. 96APA04-508, unreported.
Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. The testimony revealed Rowland, on several occasions, took Krista to a hotel and forced her to engage in sexual activity. Neither that testimony, nor the receipts that were admitted, in any way implicated defendant. The evidence thus was not relevant, and the trial court erred in admitting the evidence. Nonetheless, defendant was not prejudiced. The evidence against defendant was substantial, as Amber and Krista described in detail conduct that solidly demonstrated defendant's guilt. Moreover, the hotel receipts duplicated other evidence relating to Rowland's conduct toward Krista. Accordingly, defendant's third assignment of error is overruled.
Defendant's fourth assignment of error asserts the trial court erred in allowing the prosecution to question defendant about her prior conversation with the assistant prosecutor, done in preparation for a grand jury indictment against Rowland for domestic violence. Defendant asserts the prosecution was required to disclose her "statement" to the assistant prosecutor pursuant to Crim.R. 16(B)(1)(a). Specifically, the state attempted to impeach defendant's credibility by pointing out that, although defendant was aware of the allegations of Krista and Amber at the time, she did not so inform the assistant prosecutor she spoke to at the time of the grand jury proceedings against Rowland.
Because defendant failed to inform the assistant prosecutor of the allegations, defendant gave no statement in that respect. However, even if the other statements made to the assistant prosecutor constitute a statement for purposes of Crim.R. 16(B)(1)(a), the state has no obligation to provide statements not made in connection with the current case. See State v. Soke (1995), 105 Ohio App.3d 226, 246. Crim.R. 16 discovery procedures do not apply to unrelated criminal investigations. Id. See, also, State v. Harris (Mar. 4, 1999), Cuyahoga App. No. 73921, unreported (holding state had no obligation to provide statements by defendant to a detective where statement was unrelated to the current robbery, but was made in connection with an unrelated shooting). Indeed, defendant acknowledges the prior conversation was in connection with an unrelated event, and arguably that is so.
Even if, however, the statement was in connection with the present case, defendant was not prejudiced. Defendant contends that had the statements been disclosed, she would have been able to discuss the conversation with her counsel ahead of time, and she may have decided not to testify. Despite those assertions, defendant has not demonstrated how disclosure, or a decision not to testify, would have benefited her defense to any degree.
In the final analysis, although the better procedure may have been to disclose prior conversations of the nature involved here, the prosecution's failure to do so does not violate Crim.R. 16(B)(1)(a). Accordingly, defendant's fourth assignment of error is overruled.
Defendant's fifth assignment of error asserts the verdict is not supported by sufficient evidence and is against the manifest weight of the evidence. In connection with that argument, defendant also contends her Crim.R. 29 motion should have been granted.
When presented with a sufficiency of the evidence argument, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Defendant was convicted of rape in connection with Amber and Krista in violation of R.C. 2907.02. Defendant also was convicted of felonious sexual penetration involving Amber in violation of R.C. 2907.12.
R.C. 2907.02 provides in relevant part:
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age * * *.
* * *
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
As previously noted, both Amber and Krista testified they were victims of sexual conduct against their will at the hands of defendant, who acted in concert with Rowland in raping the girls. Further, the evidence revealed at least one incident of force or threat of force. Thus, the state presented sufficient evidence for reasonable minds to find defendant guilty of rape.
R.C. 2907.12 provides in relevant part:
 (A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
 (2) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another when the offender purposely compels the other person to submit by force or threat of force.
Amber testified defendant inserted an egg-shaped object into her vagina and turned on the control box. Her testimony was sufficient for reasonable minds to find defendant guilty of felonious sexual penetration.
Defendant also contends the trial court erred in denying her Crim.R. 29(A) motion. "Crim.R. 29(A) requires the court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses alleged in the indictment. `Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Dennis (1997), 79 Ohio St.3d 421, 430. In reviewing a ruling on a Crim.R. 29(A) motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the state. State v. Wolfe (1988),51 Ohio App.3d 215, paragraph one of the syllabus; State v. Busby (Sept. 14, 1999), Franklin App. No. 98AP-1050, unreported. See, also, State v. Brown (1994), 99 Ohio App.3d 604, 607, citing State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus." State v. Clay (Mar. 28, 2000), Franklin App. No. 99AP-404, unreported. The test is essentially the test used in assessing the sufficiency of the evidence. As noted, the state presented sufficient evidence for reasonable minds to find defendant committed the offenses in question. Thus, the trial court properly denied defendant's Crim.R. 29(A) motion.
Defendant further argues the verdict is against the manifest weight of the evidence. In support, defendant notes both Amber and Krista were inconsistent with their stories in that both originally implicated only Rowland, stating defendant was not involved in the sexual conduct. Amber explained the inconsistency, testifying she originally did not implicate defendant for fear she would be taken away from defendant and placed in foster care. Krista also explained defendant asked Krista not to implicate defendant for fear the other children would be taken away, and Krista promised she would not. On learning that defendant was still involved with Rowland, Krista feared for her sister, and thus revealed defendant's involvement. The prior inconsistencies, with the girls' explanations, were before the jury. Credibility issues remain in the province of the trier of fact. A conviction is not against the manifest weight of the evidence solely because the jury heard inconsistent testimony. State v. McVay (Sept. 30, 1999), Franklin App. No. 98AP-1246, unreported, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported. Because the jury could properly believe the testimony of Amber and Krista, the verdicts are not against the manifest weight of the evidence. Accordingly, defendant's fifth assignment of error is overruled.
Having overruled each of defendant's five assignments of error, we affirm the judgment of the trial court.
 ____________________________ BRYANT, P.J.
BROWN and TYACK, JJ., concur.